UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____
                                                                )
**UNITED STATES OF AMERICA,**              )
                                                                )
                     **Plaintiff,**          )
                                                                )
**v.**                                                       )
                                                                )
**SHELL OFFSHORE INC.,**                        )
                                                                )
                     **Defendant.**      )
_____)

# COMPLAINT

The United States of America, acting at the request of the United States Coast Guard, files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought against Defendant Shell Offshore Inc. ("Shell") for penalties and injunctive relief under Section 311 of the Clean Water Act, 33 U.S.C. § 1321, to address Shell's crude oil spill that occurred at its Green Canyon Block 248 subsea oil production facility in the Gulf of Mexico in May 2016. Beginning on May 11, 2016, one of Shell's transfer pipelines on the sea floor that connects a subsea well to Shell's Green Canyon Block 248 oil production system cracked and discharged approximately 1,900 barrels of oil into the Gulf of Mexico. Oil polluted portions of the Gulf from the sea floor to the water's surface and spread across a surface area totaling over 1,270 square miles.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Section 311(b)(7)(E) and (n) of the CWA, 33 U.S.C. § 1321(b) and (n); Section 311(e)(2) of the CWA, 33 U.S.C.

§ 1321(e)(2); and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Authority to bring this action on behalf of the United States is vested in the United States Department of Justice by, *inter alia*, 28 U.S.C. §§ 516, 519.

4. Venue is proper in the Eastern District of Louisiana pursuant to Section 311(b)(7)(E) and (e)(2) of the CWA, 33 U.S.C. § 1321(b)(7)(E) and (e)(2), and 28 U.S.C. §§ 1391 and 1395 because this district is the nearest district to which the incident occurred and Defendant resides, is located, and is doing business in this district.

## THE PARTIES

5. Plaintiff United States of America is acting at the request of the Coast Guard.

6. The Coast Guard served as the lead federal agency that responded to the Shell oil spill at issue in this Complaint.

7. Defendant Shell is based in New Orleans and was the owner and operator of the Green Canyon Block 248 subsea oil production facility in the Gulf of Mexico at the time of the oil spill in May 2016.

## STATUTORY BACKGROUND

8. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the "discharge of oil or any hazardous substances (i) into or upon the navigable waters of the United States, adjoining shorelines, . . . or (ii) in connection with activities under the Outer Continental Shelf Lands Act . . . in such quantities as may be harmful . . . ."

9. Pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), "[a]ny person who is the owner, operator, or person in charge of any . . . offshore facility . . . from which oil . . . is discharged in violation of paragraph (3), shall be subject to a civil penalty in an amount up to [$46,192] per day of discharge or an amount up to [$1,848] per barrel of oil . . .

discharged." *See also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

10. Civil penalties can be increased to a minimum of $184,767 per discharge and up to $5,543 per barrel of oil discharged pursuant to Section 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D), if the violation results from "gross negligence or willful misconduct." *See also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

11. Section 311(e) of the CWA, 33 U.S.C. § 1321(e), provides the United States authority to address situations where there "may be an imminent and substantial threat to the public health or welfare of the United States . . . because of an actual or threatened discharge of oil or a hazardous substance from a vessel or facility in violation of subsection (b)."

12. Section 311(e)(1)(A) of the CWA, 33 U.S.C. § 1321(e)(1)(A), authorizes the Attorney General to secure "any relief from any person . . . as may be necessary to abate such endangerment." District courts have "jurisdiction to grant any relief under this subsection that the public interest and the equities of the case may require." 33 U.S.C. § 1321(e)(2).

13. Enforcement of Section 311 of the CWA supports the national objective to deter oil spills and "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. §§ 1251(a), 1321(b)(1).

## FACTS

14. Beginning on May 11, 2016, Shell discharged crude oil into the waters of the Gulf of Mexico from a transfer pipeline at Shell's Green Canyon Block 248 offshore system.

15. Shell's Green Canyon Block 248 offshore system is an oil production facility located south of New Orleans and approximately 97 miles off the coast of Louisiana. At the time

of the oil spill, Shell was operating the facility under the Outer Continental Shelf Lands Act.

16. The oil discharged from a 6-inch-diameter pipeline, known as the Glider #4 jumper, used to transfer oil from a production well on the sea floor to a collection point. The pipeline is located at the sea floor at a depth of over 3,000 feet below the water's surface.

17. Shell discharged over 1,900 barrels of oil into the Gulf of Mexico.

18. Shell's night-shift control room operators observed the sudden and sustained loss of pressure on the pipeline, including receiving alarm warnings, beginning at about 11:11 p.m. on May 11.

19. Despite the alarms and sustained pressure loss, Shell continued to actively pump oil through the cracked pipeline for at least another seven and a half hours. This was due in substantial part to Shell's failure to provide adequate training for its control room operators.

20. Shut-in operations did not occur until after Shell's day-shift control room operators arrived on the morning of May 12. Controlled shut-in efforts began at about 6:40 a.m. and were completed by about 9:00 a.m.

21. The pipeline cracked due to bending overloads placed on it as a result of Shell's burial of a large portion of the pipeline with drill cuttings and waste cement following Shell's drilling and installation of subsequent wells on the sea floor in the vicinity of the pipeline.

22. Shell was aware of the partial burial of the pipeline but did not remove all of the added structural tension placed on the pipeline or maintain the pipeline configuration as originally designed and installed.

23. Shell's oil discharge polluted portions of the Gulf of Mexico from the sea floor to the water's surface. Oil, including oil sheen, was observed over a large area around the spill site. The surface oil generally traveled west-northwest sweeping through an area of over 1,270 square

miles over five days. Oil was observed within 75 miles of shore before strong winds mixed much of the remaining oil into the water column.

24.     Shell, the United States Coast Guard, and the State responded to the spill, including use of mechanical recovery vessels and other assets. Active response efforts concluded on May 16, 2016.

## CLAIMS FOR RELIEF

**Penalties and Injunctive Relief under Section 311 of the Clean Water Act, 33 U.S.C. § 1321**

25.     The preceding paragraphs are incorporated herein.

26.     Shell is a "person" within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

27.     At the time of the oil spill, Shell was the "owner," "operator," and "person in charge" of the offshore oil production facility, including the leaking pipeline, from which oil was discharged within the meaning of Sections 311(a)(6) and 311(b)(7) of the CWA, 33 U.S.C. §§ 1321(a)(6), (b)(7).

28.     Shell's pipeline that leaked crude oil at its Green Canyon Block 248 subsea oil production facility is an "offshore facility" within the meaning of Section 311(a)(11) of the CWA, 33 U.S.C. § 1321(a)(11).

29.     Shell's Green Canyon Block 248 subsea oil production facility is an "offshore facility" within the meaning of Section 311(a)(11) of the CWA, 33 U.S.C. § 1321(a)(11).

30.     The spilling of oil from Shell's pipeline at the sea floor constitutes "discharge" of oil within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2).

31.     Shell discharged crude oil, which is "oil" within the meaning of Section 311(a)(1) of the CWA, 33 U.S.C. § 1321(a)(1).

32. Shell's oil discharge occurred in connection with activities under the Outer Continental Shelf Lands Act within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

33. Shell's oil discharge caused a sheen upon and discoloration of water surfaces. Thus, the quantities discharged were in quantities "as may be harmful" within the meaning of Section 311(b)(3) and (4) of the CWA. 33 U.S.C. § 1321(b)(3), (4); 40 C.F.R. § 110.3.

34. Shell's oil discharge violated Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

35. Shell is liable for civil penalties of up to $1,848 per barrel of oil discharged under Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), or, if it is proven that the violation resulted from gross negligence or willful misconduct, up to $5,543 per barrel discharged under Section 311(b)(7)(D), 33 U.S.C. § 1321(b)(7)(D). *See also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

36. In addition to civil penalties, the United States seeks injunctive relief to prevent future discharges of oil from Shell's operations in the Gulf of Mexico. The United States seeks injunctive relief pursuant to Section 311(e) of the CWA, 33 U.S.C. § 1321(e).

37. Shell's history of improper operation and maintenance of the pipeline, including Shell's continued operation of the leaking equipment for hours after the pipeline cracked, lack of adequate training of its control room operators, and continued involvement in the Louisiana oil and gas production activities in the Gulf of Mexico may pose an imminent and substantial threat of additional oil spills and injuries to the environment and to the public health or welfare. Corrective measures imposed by the Court are needed to assure proper operations going forward.

**REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests that this Court:

A. Enter judgment that Shell is liable to the United States for civil penalties pursuant to 311(b) of the Clean Water Act and assess civil penalties of up to $1,848 per barrel of oil discharged pursuant to Section 311(b)(7)(A), or if the violation resulted from gross negligence or willful misconduct, up to $5,432 per barrel discharged pursuant to Section 311(b)(7)(D);

B. Enter judgment that Shell is liable to the United States for all appropriate injunctive relief pursuant to Section 311(e) of the Clean Water Act and award injunctive relief against Shell as appropriate;

C. Award the United States its costs of this action; and

D. Award the United States such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


JASON T. BARBEAU
Senior Trial Attorney, D.C. Bar No. 468200
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 7611 Ben Franklin Station

7

Washington, DC 20044
(202) 616-8908 (Telephone)
(202) 616-6584 (Facsimile)
jason.barbeau@usdoj.gov


PETER G. STRASSER
United States Attorney
Eastern District of Louisiana

BROCK D. DUPRE
Assistant United States Attorney
LA Bar Roll No. 28563
650 Poydras Street, Ste. 1600
New Orleans, LA 70130
Office:  (504) 680-3005
Facsimile:  (504) 680-3184
Brock.dupre@usdoj.gov


OF COUNSEL:

LT Case Colaw
Staff Attorney
Eighth Coast Guard District
500 Poydras Street
New Orleans, LA 70130

8

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Shell Offshore, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Jefferson Parish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Barbeau, U.S. Department of Justice, ENRD-EES, Box 7611, Washington, DC 20044 (202-616-8908)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. 1321

Brief description of cause:
Civil environmental enforcement action addressing oil spill from Shell's offshore platform in Gulf of Mexico

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Fallon
DOCKET NUMBER  2:18-cv-6495-EEF-DEK

DATE  01/08/2019
SIGNATURE OF ATTORNEY OF RECORD
*Jason J. Barbeau*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____