**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____

|                                   |     |
| --------------------------------- | --- |
| **UNITED STATES OF AMERICA,**     | )   |
|                                   | )   |
| Plaintiff,                        | )   |
|                                   | )   |
| v.                                | )   |
|                                   | )   |
| **SHELL OFFSHORE INC.,**          | )   |
|                                   | )   |
| Defendant.                        | )   |

_____)

# <u>CONSENT DECREE</u>

# TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ................................................................................................ 1

II.     APPLICABILITY ................................................................................................................... 2

III.    DEFINITIONS ....................................................................................................................... 2

IV.     CIVIL PENALTY ................................................................................................................... 3

V.      INJUNCTIVE RELIEF ........................................................................................................... 5

VI.     STIPULATED PENALTIES .................................................................................................... 6

VII.    FORCE MAJEURE ................................................................................................................. 8

VIII.   DISPUTE RESOLUTION ...................................................................................................... 10

IX.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ............................................... 13

X.      COSTS ................................................................................................................................... 15

XI.     NOTICES ............................................................................................................................... 15

XII.    EFFECTIVE DATE ............................................................................................................... 16

XIII.   RETENTION OF JURISDICTION ........................................................................................ 16

XIV.    MODIFICATION ................................................................................................................... 16

XV.     TERMINATION ..................................................................................................................... 17

XVI.    PUBLIC PARTICIPATION ................................................................................................... 17

XVII.   SIGNATORIES/SERVICE ..................................................................................................... 18

XVIII.  INTEGRATION ..................................................................................................................... 18

XIX.    FINAL JUDGMENT .............................................................................................................. 19

Plaintiff, the United States of America, on behalf of the United States Coast Guard, has filed a complaint in this action concurrently with this Consent Decree, alleging that Defendant, Shell Offshore Inc. ("Shell"), violated Section 311(b) of the Clean Water Act ("CWA" or the "Act") 33 U.S.C. § 1321(b)(3), when, on or about May 11, 2016, Shell discharged oil into the Gulf of Mexico from a well jumper connecting a subsea well to Shell's Green Canyon Block 248 oil production system. Shell discharged approximately 1,900 barrels of oil into the Gulf waters. The Complaint seeks volume-based civil penalties pursuant to Section 311(b)(7) and injunctive relief pursuant to Section 311(e).

Defendant does not admit liability arising out of the occurrences or violations alleged in the Complaint. Defendant has undertaken efforts to respond to the oil spill and asserts that it continues to work with the federal Bureau of Safety and Environmental Enforcement to improve its operations at its facilities in the Gulf of Mexico.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid continued litigation between the Parties on the claims addressed in the Complaint, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 311 (b)(7)(E) and (n) of the Act, 33 U.S.C. § 1321(b)(3), and over the Parties. Venue lies in this District pursuant to 311(b)(7)(E) of the

CWA, 33 U.S.C. § 1321(b)(7)(E), and 28 U.S.C. §§ 1391 and 1395(a), because this district is the nearest district to which the incident occurred and Defendant is located and doing business in this district. For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

2.      For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Section 311(b) and (e) of the Clean Water Act ("Act"), 33 U.S.C. §1321(b) and (e).

## II.      APPLICABILITY

3.      The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4.      Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

5.      In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.      DEFINITIONS

6.      Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such

regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

"Coast Guard" shall mean the United States Coast Guard and any of its successor departments or agencies;

"Complaint" shall mean the complaint filed by the United States in this action;

"Consent Decree" or "Decree" shall mean this Decree;

"Day" shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

"Defendant" shall mean Shell Offshore Inc.;

"Effective Date" shall have the definition provided in Section XII;

"Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

"Parties" shall mean the United States and Defendant;

"Section" shall mean a portion of this Decree identified by a Roman numeral;

"United States" shall mean the United States of America, acting on behalf of the Coast Guard.

## IV.    CIVIL PENALTY

7.    Within 30 Days after the Effective Date, Defendant shall pay the sum of two million two hundred thousand dollars ($2,200,000.00) as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

8.     Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of Louisiana. Such monies are to be deposited in the Oil Spill Liability Trust Fund. The payment shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-11920/1 and shall specify that the payment is made toward CWA civil penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8).

9.     At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in this case, and shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-11920/1, to the United States in accordance with Section XI of this Decree (Notices) and to:

> Thomas H. VanHorn
> National Pollution Funds Center
> US Coast Guard Mailstop 7605
> 2701 Martin Luther King Jr. Avenue, SE
> Washington, DC 20593-7605
>
> Chief
> Office of Claims and Litigation CG-LCL
> United States Coast Guard
> 2703 Martin Luther King Jr. Avenue, SE
> Washington, DC 20593-7213

10.    Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VI (Stipulated Penalties) in calculating its federal income tax.

## V.   INJUNCTIVE RELIEF

11.     Within 90 Days of the Effective Date of this Consent Decree, Defendant shall

develop and submit to the Coast Guard (a) a copy of Defendant's course curriculum for its

refresher training course on leak detection and assessment in offshore control room operations,

with emphasis on addressing operational challenges that were experienced during the May 2016

Shell Green Canyon well jumper rupture, including simulator-based training, and (b) the planned

schedule for providing the refresher course with simulator trainings to all control room and

subsea operators and Operations Supervisors working at Shell-operated offshore facilities in the

Gulf of Mexico. Defendant shall conduct and complete this refresher course and simulator

training in 2019 and 2021. This additional training requirement is not intended to supersede or

replace any other training required by law. Training developed and conducted by a third party is

satisfactory for meeting the requirements of this Section.

12.     On or by September 1, 2019, and within thirty (30) Days after completing the

injunctive relief requirements due in 2021, Defendant shall submit to the United States, in

accordance with Section XI (Notices), a letter report documenting that the training has been

provided, including the dates and locations of the trainings, the number of employees trained,

and a summary of the training sessions. Each report also shall summarize any revisions to the

trainings made to respond to deficiencies in performance or problems, regulatory revisions, or

changes in best management practices in the industry, which occur after the initial development

of the refresher course and simulator training.

13.     Each report, letter report, or certification submitted by Defendant under this

Section shall be signed by an official of the submitting party and include the following

certification:

I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

14.     The requirements of this Consent Decree do not relieve Defendant of any obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

15.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI.     STIPULATED PENALTIES

16.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

17.     If Defendant fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of five thousand dollars ($5,000) per Day for each Day that the payment is late.

18.     If Defendant fails to perform the injunctive relief required under Section V (Injunctive Relief) when due, Defendant shall pay to the United States a stipulated penalty as follows:

a.      1st to 30th day: $1,000 penalty per day;

b.      31st to 60th day: $2,500 penalty per day; and

c.      More than 60 days: $5,000 penalty per day.

19.     Late payment of the penalty due under this Consent Decree and payment of any stipulated penalties shall be made in accordance with payment instructions in Section IV above. All transmittal correspondence shall state that any payment of stipulated penalties is for late payment of the penalty due under the Consent Decree or for delayed performance of injunctive relief required under this Consent Decree.

20.     For all payments of stipulated penalties, Defendant shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-11920/1 and shall specify that payments are for stipulated penalties to be deposited into the United States Treasury.

21.     Stipulated penalties under this Section shall begin to accrue on the Day after the performance is due and shall continue to accrue until performance is satisfactorily completed. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

22.     Defendant shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand.

23.      The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

24.     Stipulated penalties shall continue to accrue as provided in Paragraphs 17 and 18, during any Dispute Resolution, but need not be paid until the following:

a.      If the dispute is resolved by agreement or by a decision of the United States that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within thirty (30) Days of the

7

effective date of the agreement or the receipt of the United States' decision.

       b.      If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within sixty (60) Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

       c.      If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within fifteen (15) Days of receiving the final appellate court decision.

25.      If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

26.      The payment of stipulated penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

27.      Subject to the provisions of Section IX of this Consent Decree (Effect of Settlement/Reservations of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree or applicable law.

### VII.    FORCE MAJEURE

28.      "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this

Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized. "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

29.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall provide notice orally or by electronic or facsimile transmission to the Coast Guard within seventy-two (72) hours of when Defendant first knew that the event might cause a delay. Within seven (7) Days thereafter, Defendant shall provide in writing to the Coast Guard an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment. Defendant shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

9

30.     If the United States agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by the United States for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. The United States will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

31.     If the United States does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, the United States will notify Defendant in writing of its decision.

32.     If Defendant elects to invoke the dispute resolution procedures set forth in Section VIII (Dispute Resolution), it shall do so no later than fifteen (15) days after receipt of the United States' notice. In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 28 and 29. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to the United States and the Court.

## VIII.   DISPUTE RESOLUTION

33.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

34.     <u>Informal Dispute Resolution</u>. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed twenty (20) Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within twenty (20) Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

35.     <u>Formal Dispute Resolution</u>. Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

36.     The United States shall serve its Statement of Position within forty-five (45) Days of receipt of Defendant's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position

and any supporting documentation relied upon by the United States. The United States'
Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial
review of the dispute in accordance with the following Paragraph.

37.     Defendant may seek judicial review of the dispute by filing with the Court and
serving on the United States, in accordance with Section XI (Notices), a motion requesting
judicial resolution of the dispute. The motion must be filed within ten (10) Days of receipt of the
United States' Statement of Position pursuant to the preceding Paragraph. The motion shall
contain a written statement of Defendant's position on the matter in dispute, including any
supporting factual data, analysis, opinion, or documentation, and shall set forth the relief
requested and any schedule within which the dispute must be resolved for orderly
implementation of the Consent Decree.

38.     The United States shall respond to Defendant's motion within the time period
allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent
permitted by the Local Rules.

39.     Except as otherwise provided in this Consent Decree, in any dispute brought
under Paragraph 355, Defendant shall bear the burden of demonstrating that its position complies
with this Consent Decree and better furthers the objectives of the Consent Decree.

40.     The invocation of dispute resolution procedures under this Section shall not, by
itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent
Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with
respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but
payment shall be stayed pending resolution of the dispute as provided in Paragraph 244. If

Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VI (Stipulated Penalties).

## IX.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

41.    This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint.

42.    The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.

43.    The United States reserves all legal and equitable claims for, including but not limited to, injunctive relief, penalties, recovery of OPA response costs and damages including natural resource damages, criminal liability, and other appropriate relief, except as expressly provided in Paragraph 41. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties, injunctive relief, costs, damages, or other appropriate relief under the CWA or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly provided in Paragraph 41. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, Defendant's facilities or operations, whether related to the violations addressed in this Consent Decree or otherwise.

44.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, costs, damages, criminal liability, other appropriate relief relating to Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon a contention that the claims raised by the United States in the subsequent proceeding were or should have been

brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 41.

45.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA or with any other provision of federal, State, or local laws, regulations, or permits.

46.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

47.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

48.     Defendant hereby covenants not to sue and agrees not to assert any claims related to the discharge or response activities in connection with the discharge against the United States pursuant to the CWA, OPA, or any other state or federal law or regulation for acts or omissions through the date of lodging of the Consent Decree. Defendant further covenants not to sue and agrees not to assert any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund or pursuant to any other provision of law.

## X.    COSTS

49.    The Parties shall bear their own costs of this action, including attorneys' fees,

except that the United States shall be entitled to collect the costs (including attorneys' fees)

incurred in any action necessary to collect any portion of the civil penalty or any stipulated

penalties due but not paid by Defendant.

## XI.    NOTICES

50.    Unless otherwise specified in this Decree, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing and

addressed as follows:

<u>As to the United States</u>

To the U.S. Department of Justice:

        EES Case Management Unit
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        eescdcopy.enrd@usdoj.gov
        Re: DJ #90-5-1-1-11920/1

To the U.S. Coast Guard:

        Chief
        Office of Claims and Litigation CG-LCL
        United States Coast Guard
        2703 Martin Luther King Jr. Avenue, SE
        Washington, DC 20593-7213

        Staff Judge Advocate
        United States Coast Guard
        Eighth Coast Guard District
        500 Poydras Street
        New Orleans, LA 70130

<u>As to Defendant</u>:            Michael Fairburn
                          General Manager—Gulf of Mexico Regulatory
                          Affairs
                          Shell Exploration & Production Company
                          One Shell Square, P. O. Box 61933, Room 2413
                          New Orleans, LA 70161-1933

51.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

52.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XII.   EFFECTIVE DATE

53.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XIII.   RETENTION OF JURISDICTION

54.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of effectuating or enforcing compliance with the terms of this Decree.

## XIV.   MODIFICATION

55.     The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

56.     Any dispute concerning modification of this Decree shall be resolved pursuant to Section VIII (Dispute Resolution), provided, however, that instead of the burden of proof

provided in that Section, the Party seeking modification bears the burden of demonstrating that it is entitled to the required modification in accordance with Federal Rule of Civil Procedure 60(b).

## XV.   TERMINATION

57.     After Defendant has completed the requirements of this Consent Decree, including injunctive relief, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

58.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

59.     If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section VIII. However, Defendant shall not seek Dispute Resolution of any dispute regarding termination until thirty (30) Days after service of its Request for Termination.

## XVI.   PUBLIC PARTICIPATION

60.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is

17

inappropriate, improper, or inadequate. Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XVII.  SIGNATORIES/SERVICE

61.     Each undersigned representative of Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

62.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVIII. INTEGRATION

63.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XIX.   FINAL JUDGMENT

64.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the United States and Defendant.


Dated and entered this _____day of _____, 2018.




_____
UNITED STATES DISTRICT JUDGE

Signature Page to Consent Decree in *United States v. Shell Offshore Inc.*

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

12/27/18
Date

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

10/31/18
Date

JASON T. BARBEAU (D.C. Bar No. 468200)
Senior Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 616-8908
Fax: (202) 616-6584
E-mail: jason.barbeau@usdoj.gov

PETER G. STRASSER
United States Attorney
Eastern District of Louisiana

BROCK D. DUPRE
Assistant United States Attorney
LA Bar Roll No. 28563
650 Poydras Street, Ste. 1600
New Orleans, LA 70130
Office:  (504) 680-3005
Facsimile:  (504) 680-3184
Brock.dupre@usdoj.gov

Signature Page to Consent Decree in *United States v. Shell Offshore Inc.*

FOR PLAINTIFF THE UNITED STATES OF AMERICA (continued):

Dated: 3 Oct 2018

BRIAN JUDGE
Chief, Office of Claims and Litigation
United States Coast Guard
Coast Guard Headquarters
2703 Martin Luther King Jr. Ave, SE
Washington, DC 20593-7213

Dated: 10/25/2018

DAMIAN YEMMA
Acting Staff Judge Advocate
United States Coast Guard
Eighth Coast Guard District
500 Poydras Street
New Orleans, LA 70130

21

**Signature Page to Consent Decree in *United States v. Shell Offshore Inc.***

**FOR DEFENDANT SHELL OFFSHORE INC.:**

10/25/2018
_____
Date

_____
Richard H. Tallant
President
Shell Offshore Inc.

22